UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TODD HEBERT and SANDRA LARWOOD** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **FEDEX FREIGHT, INC., FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATE SERVICES, INC., GUILLERMO RODRIGUEZ, PROTECTIVE INSURANCE COMPANY, AND WALWARE TRANSPORT SYSTEM, INC.** | **MAGISTRATE JUDGE:** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiffs, TODD HEBERT and SANDRA LARWOOD, citizens of the full age of majority, who respectfully represents:

## PARTIES

1. Plaintiffs are TODD HEBERT and SANDRA LARWOOD, persons of the full age of majority, domiciled, residing and citizens of Anacoco, Louisiana within the Parish of Vernon.

2. Made Defendants in the matter are:

a) FEDEX FREIGHT, INC., a corporation, with its registered office and principal business establishment in Baton Rouge, Louisiana and principal place of business in Harrison, Arkansas. Fedex Freight, Inc. is domiciled in and is a citizen of the State of Arkansas. At all times relevant, Fedex Freight, Inc. operates and does business in Louisiana, and may be served with process through its registered agent, C. T. Corporation System, 3867

Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

b) FEDEX GROUND PACKAGE SYSTEM, INC., a corporation, with its registered office and principal business establishment in Baton Rouge, Louisiana and its principal place of business located in Whilmington, Delaware. Fedex Ground is domiciled and is a citizen of the State of Delaware. Fedex Group is operating and doing business in Louisiana and may be served with process through its registered agent, C. T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

d) FEDEX CORPORATE SERVICES, INC., is a corporation, with its registered office and principal business establishment located in Baton Rouge, Louisiana with its principal palce of business in Wilmington, Delaware. At all times pertinent, Fedex Corporate operates and does business in Louisiana, and can be served with process through its registered agent, C. T. Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

e) GUILLERMO RODRIGUEZ, an individual of the full age of majority, resident of and domiciled in and a citizen of the State of Texas, who may be served through the Louisiana Long Arm Statute, at 7306 Brownsville Drive, Houston, Texas, 77020;

f) PROTECTIVE INSURANCE COMPANY, a insurance company with a principal place of business in the State of Indiana and a citizen of and domiciled in the State of Indiana. Protective is licensed to do and is doing business in the State of Louisiana and may be served through its registered agent for process: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809;

e) WALARE TRANSPORT SYSTEM, INC., is a corporation with its principal place of business in the State of Texas and is operating and doing business in the State of Louisiana and may be served through Louisiana Long Arm Statute, through its registered agent for process: Douglas D. Walt, 24802, Hazy Mist CT, Richmond, Texas, 77406.

FEDEX FREIGHT, INC., FEDEX GROUND PACKAGE SYSTEM, INC., and FEDEX CORPORATE SERVICES, INC., will hereinafter be referred to collectively as **"FEDEX."**

3. Defendants, FEDEX FREIGHT, INC., FEDEX GROUND PACKAGE

SYSTEM, INC., FEDEX CORPORATE SERVICES, INC., GUILLERMO RODRIGUEZ, PROTECTIVE INSURANCE COMPANY and WALARE TRANSPORT SYSTEM, INC. ("defendants), are liable unto plaintiffs, TODD HEBERT and SANDRA LARWOOD, *in solido* for the full sum of the amount of damages reasonable in the premises to be proven at the trial on the merits, plus interest from the date of judicial demand until paid, and for all costs of these proceedings and for all general and equitable relief that plaintiffs are entitled to for the following to-wit:

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Defendants are subject to personal jurisdiction and within the Middle District of Louisiana as defendants regularly and systematically did and presently do business on a continuing bases in the State of Louisiana, including but not limited to conducting regular motor carrier interstate operations throughout the State of Louisiana and Middle District of Louisiana. Venue is proper pursuant to 28 U.S.C. §1391, as defendants maintain their business establishments and offices in Baton Rouge, Louisiana, within this district.

## FACTUAL BACKGROUND

6. This lawsuit arises from a collision that occurred on July 23, 2021, on Makawa Road southbound near Pearland, Texas.

7. On July 23, 2021, at approximately 6:30 p.m., plaintiff, TODD HEBERT

was driving his 2020 Jeep Wrangler ("plaintiffs' vehicle") with guest passenger, SANDRA LARWOOD, who were traveling south on Makawa Road near Pearland, Texas.

8. At or about that same time, Defendant, GUILLERMO RODRIGUEZ, was permissively operating a 2003 Chevrolet Express Van, owned by WALARE TRANSPORT SYSTEM, INC. and FEDEX and was directly behind plaintiffs' vehicle on Makawa Road near Pearland, Texas.

9. At all times material hereto, GUILLERMO RODRIGUEZ, was an agent, servant and/or employee of WALARE TRANSPORT SYSTEM, INC. and FEDEX.

10. At approximately 6:30 p.m., the van being driven by GUILLERMO RODRIGUEZ, while traveling southbound on Makawa Road suddenly and violently struck the rear-end of the HEBERT vehicle which resulted plaintiffs, TODD HEBERT and SANDRA LARWOOD, sustaining severe and disabling injuries.

11. At all times herein, the plaintiffs, TODD HEBERT and SANDRA LARWOOD were free from fault.

12. At all times pertinent hereto, defendant GUILLERMO RODRIGUEZ, was an employee of defendants, WALARE TRANSPORT SYSTEM, INC. and FEDEX, at the time of the subject accident and was in the course and scope of his employment, thus rendering WALARE TRANSPORT SYSTEM, INC. and FEDEX, liable for all damages and losses suffered by plaintiffs, TODD HEBERT and SANDRA LARWOOD, herein as a result of GUILLERMO RODRIGUEZ's negligence and fault under the theory of *respondeat superior* pursuant to Louisiana Civil Code article 2320. Additionally,

WALARE TRANSPORT SYSTEM, INC. and FEDEX are vicariously liable for the damages caused by its employee and driver, GUILLERMO RODRIGUEZ, by operation of law under the Federal Motor Carrier Safety Act and other applicable laws.

13. At all times pertinent, plaintiffs allege upon information and belief that there was in full force and effect, one or more policies of public motor vehicle liability insurance issued by PROTECTIVE INSURANCE COMPANY to FEDEX, WALARE TRANSPORT SYSTEMS, INC. and GUILLERMO RODRIGUEZ, and/or in favor of GUILLERMO RODRIGUEZ, WALARE TRANSPORT SYSTEMS, INC. and FEDEX, which policy(s) afford(s) coverage for the liability of the nature asserted herein against such defendants, and which insurance inures to the benefit of plaintiffs under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269, thereby entitling plaintiffs to maintain this direct action against said defendant insurer and thereby rendering said defendant insurer liable *in solido*, with defendants, GUILLERMO RODRIGUEZ, WALARE TRANSPORT SYSTEMS, INC., and FEDEX for damages as sued for herein.

14. At all times pertinent hereto, at the time of the accident, GUILLERMO RODRIGUEZ was permitted to operate and did operate the FEDEX van in the course and scope of employment, performing his duties on behalf of WALWARE TRANSPORT SYSTEMS, INC., and FEDEX.

## NEGLIGENCE

15. The sole legal cause of the accident sued on herein was the negligence of Defendants, GUILLERMO RODRIGUEZ, WALARE TRANSPORT SYSTEM, INC. and FEDEX, which negligence consisted more particularly, but not exclusively, of the following:

a) Failing to operate a motor vehicle in a reasonable and prudent manner;

b) Failing to stop his vehicle before crashing into Plaintiffs' vehicle;

c) Driving at a high rate of speed;

d) Failing to brake in time to avoid the collision;

e) Failing to control his vehicle so as not to crash into the rear of plaintiffs' vehicle;

f) Driving in a reckless and/or careless manner;

g) Failing to maintain a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

h) Failing to be attentive and/or observe surrounding traffic;

i) Failing to see what should have been seen and to recognize a potential hazard;

j) Rear-ending a vehicle in front of him;

k) Failing to take proper evasive action to avoid causing a wreck; and

l) Failing to maintain reasonable and proper control of his vehicle upon a public road.

16. The damages suffered by TODD HEBERT and SANDRA LARWOOD, resulted from the fault and/or negligence of WALARE TRANSPORT SYSTEM, INC. and FEDEX in the following non-exclusive particulars:

a) In failing to train and instruct employees to adequately operate and handle employee vehicles;

b) In failing to supervise WALARE TRANSPORT SYSTEM, INC. employees, including GUILLERMO RODRIGUEZ;

    c)    In negligently entrusting a company vehicle to GUILLERMO RODRIGUEZ; and

    d)    In failing to properly screen and monitor its drivers, including GUILLERMO RODRIGUEZ.

17. In addition, as a result of the subject accident, plaintiff, **TODD HEBERT**, suffered personal injuries and damages including, but not limited to:

    a)    injuries to his neck;

    b)    injuries to his left shoulder;

    c)    injuries to his thoracic area;

    d)    injuries to his arms, elbows, and legs;

    e)    headaches;

    f)    Sprained and strained muscles, tendons, and ligaments of the body.

18. As a result of the accident and the acts described above, plaintiff, TODD HEBERT, has suffered and will continue to suffer damages, which consist of, but is not limited to, the following:

    a)    Physical pain and suffering, past, present and future;

    b)    Mental and emotional pain, anguish and distress, past, present and future;

    c)    Loss of enjoyment of life, past, present and future;

    d)    Impairment and disability, past, present and future;

    e)    Loss of wages and earnings/earning capacity, past, present and future;

    f)    Disfigurement and scarring; and

      g)     Medical expenses, physical therapy, pharmaceutical and hospital expenses and expert costs, past, present and future.

19. In addition, as a result of the subject accident, plaintiff, SANDRA LARWOOD, suffered personal injuries and damages including, but not limited to:

    a)     injuries to her neck;

    b)     injuries to her right and left shoulder;

    c)     Injuries to her upper back;

    d)     sprain of right wrist;

    e)     injuries to her arms, elbows, and legs;

    f)     headaches; and

    g)     Sprained and strained muscles, tendons, and ligaments of the body.

20. As a result of the accident and the acts described above, plaintiff, SANDRA LARWOOD, has suffered and will continue to suffer damages, which consist of, but is not limited to, the following:

    a)     Physical pain and suffering, past, present and future;

    b)     Mental and emotional pain, anguish and distress, past, present and future;

    c)     Loss of enjoyment of life, past, present and future;

    d)     Impairment and disability. Past, present and future;

    e)     Loss of wages and earnings/earning capacity, past, present and future;

    f)     Disfigurement and scarring; and

    g)     Medical expenses, physical therapy, pharmaceutical and hospital expenses and expert costs, past, present and future.

## DEMAND FOR JURY TRIAL

21.     Plaintiffs hereby demand a trial by jury in this action of all issues triable.

## PRAYER

**WHEREFORE**, plaintiffs pray that:

I.      Defendants FEDEX FREIGHT, INC, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATE SERVICES, INC., GUILLERMO RODRIGUEZ, PROTECTIVE INSURANCE COMPANY and WALARE TRANSPORT SYSTEM, INC., be cited to appear and answer the COMPLAINT, and

II.     Upon trial of this matter, there be judgment entered against FEDEX FREIGHT, INC, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATE SERVICES, INC., GUILLERMO RODRIGUEZ, PROTECTIVE INSURANCE COMPANY and WALARE TRANSPORT SYSTEM, INC., jointly, severally and in solido and in favor of plaintiffs, TODD HEBERT and SANDRA LARWOOD, awarding an amount reasonable in the premises for the following:

   A.   Past, present and future physical pain and suffering;

   B.   Past, present and future mental pain and suffering;

   C.   Past, present and future physical disfigurement;

   D.   Past, present and future physical impairment;

   E.   Past, present and future medical expenses, physical therapy, pharmaceutical and hospital expenses, and expert costs;

F.   Past, present and future loss of wages;

G.   Loss of earning capacity; and

H.   All costs of this proceeding and judicial interest form the date of judicial demand.

Respectfully Submitted:

**LABORDE EARLES LAW FIRM, L.L.C.**

BY:   /s/ *Nicholas R. Rockforte*
**NICHOLAS R. ROCKFORTE, Bar#31305**
E-mail: service@onmyside.com
**SCOTT F. HIGGINS, Bar #26924**
**MARY K. CRYAR, Bar #24062**
**WESLEY K. ELMER, Bar 23724**
**WILL MONTZ, Bar #29355**
1901 Kaliste Saloom Road (70508)
P.O. Box 80098
Lafayette, Louisiana 70598-0098
Phone: 337-261-2617
Fax: 337-261-1934
***Attorneys for Plaintiff Todd Hebert and Sandra Larwood***